UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

James Kappes et al.,

    Plaintiffs,                              Case No. 23-10259

v.                                        Hon. Jonathan J.C. Grey

FCA US LLC,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION (ECF No. 14), DENYING DEFENDANT'S MOTION TO DISMISS (ECF No. 15), AND STAYING THE JUDICIAL PROCEEDINGS FOR 13 PLAINTIFFS**

**I.    INTRODUCTION**

James Kappes and 35 other plaintiffs filed this class action complaint against FCA US LLC ("FCA") alleging several violations under state and federal law. (ECF No. 1.) FCA filed a motion to compel arbitration of certain plaintiffs' claims. (ECF No. 14.) The motion is fully briefed.

The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

For the following reasons, the Court **GRANTS** FCA's motion to

compel. (ECF No. 14.)

## II. BACKGROUND

Plaintiffs in this putative class action suit are purchasers of the 2017–2023 Chrysler Pacifica Hybrid minivans. (ECF No.1.) The plaintiffs claim that they purchased defective Chrysler Pacifica Hybrid minivans that were manufactured by FCA. (*Id.*) According to the plaintiffs, the minivans "contain a defect in the propulsion system that can cause the vehicle to experience an immediate shutdown of motive power while the vehicle is being driven." (*Id.*, PageID.14.) The plaintiffs allege several violations under state and federal law. (*Id.*, PageID.4–13.)

In connection with the purchasing and leasing of their Chrysler Pacifica Hybrid minivans, certain plaintiffs signed sales contracts that included arbitration agreements. (ECF No. 14, PageID.398.) FCA now moves to compel those plaintiffs' claims to arbitration based on those contracts. (*Id.*, PageID.410.)

Specifically, FCA moves to compel the claims made by the following 12 plaintiffs: Andrew Berzanskis and Margaret Wilensky (Colorado), Michael Christie (Oregon), Christopher Dorn (Kentucky), Chad Fong (North Carolina), Ruth Hoffman (Maryland), James and Alicia Kappes

2

(Arizona), Michael Keeth (Idaho), Alexander Shusta (California), John Spruance (Georgia), and Andrew Ventura (Virginia). (ECF No. 14, PageID.398.) FCA also seeks to compel plaintiff Spence Voss (Illinois) to mediate his claims. (*Id.*)

### III. ANALYSIS

The Court finds that FCA has provided sufficient evidence to prove that plaintiffs' arbitration agreements "clearly and unmistakably" show an intent to arbitrate issues of arbitrability. *See Blanton v. Domino's Pizza Franchising LLC,* 962 F.3d 844, 846 (6th Cir. 2020). Thus, the arbitrator must decide whether the parties' present dispute falls under the arbitration agreement.

A motion to compel arbitration is reviewed under a standard like the one used for summary judgment. *See Great Earth Co. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). That is, the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate. *Id.* All facts and inferences are viewed in the light most favorable to the opposing party to determine whether a reasonable factfinder could conclude that no valid agreement exists. *Id.*

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, governs the

3

applicability of arbitration agreements. The FAA states, "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C § 2. However, before referring a dispute to an arbitrator, the court must determine that a valid arbitration agreement exists. *In re: Auto. Parts Antitrust Litig.*, 951 F.3d 377, 380 (6th Cir. 2020). This is because arbitration is a matter of "contract, not coercion." *Id.* at 382. (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468 (1989)).

Courts should order arbitration unless (1) the formation of the arbitration agreement is contested, or (2) absent a valid provision specifically committing such disputes to an arbitrator, the agreement's enforceability or applicability is contested. *Id.* at 382–383. If one or both are contested, the court must resolve the disagreement. *Id.* However, if a valid agreement exists and the agreement contains a delegation clause, a court cannot decide the arbitrability issues. *Id.* at 380 (citing *Henry Schein*, 139 S. Ct. at 530).

4

Here, plaintiffs do not dispute that they signed valid arbitration agreements, nor do they claim that the delegation provisions in their arbitration agreements were invalid. (ECF No. 18, PageID.689–691.) Instead, plaintiffs argue that the language in their arbitration agreements do not "prove with clear and unmistakable evidence that Plaintiffs agreed to arbitrate the arbitrability of their claims." (*Id.*, PageID.685.)

The Court disagrees. Under Sixth Circuit precedent, language that provides the arbitrator with authority to determine the "existence, scope, or validity of the arbitration agreement" are "clear and unmistakable evidence" that the parties agreed to arbitrate issues of arbitrability. *See In re StockX Customer Data Sec. Breach Litig.,* 19 F.4th 878–879 (6th Cir. 2021).

Here, all of plaintiffs' arbitration agreements contain clear delegation clauses or incorporate the American Arbitration Association ("AAA") rules. The arbitration agreements of plaintiffs Michael Christie, Christopher Dorn, Ruth Hoffman, James and Alicia Kappes, Michael

Keeth, Alexander Shusta, Andrew Ventura[1], Chad Fong[2], state: "[a]ny claim or dispute, whether in contract, tort, statute or otherwise (*including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute*) . . .shall . . .be resolved by neutral, binding arbitration." (ECF No. 14, PageID.411) (emphasis added).

Similarly, the arbitration agreements of plaintiffs Andrew Berzanskis and Margaret Wilensky provide that the parties may "resolve *any* claim, dispute or controversy arising under or relating to this contract or the vehicle purchase agreement by binding arbitration. . . .. A "claim" includes without limitation contract claims and tort claims... *Claim" includes any claims regarding the contract's validity, enforceability or scope*." (*Id.*, PageID.412.) Next, the arbitration agreement contained in plaintiff John Spruance's vehicle lease agreement also states: "to the extent allowed by law, *the validity scope, and interpretation of this Arbitration Agreement is to be decided*

---

[1] Plaintiff Andrew Ventura's arbitration agreement has nearly identical language, however, his agreement states "Arbitration Clause" as opposed to "Arbitration Provision." (ECF No. 14, PageID.411.)
[2] Plaintiff Chad Fong has nearly identical language in his arbitration agreement, but his agreement refers to leases as well as of purchases. (ECF No. 18, PageID.686.)

6

***by neutral, binding arbitration***." (*Id.*, PageID.412–413.)

In sum, it is undisputed that the above plaintiffs' arbitration agreements contain clear delegation clauses, and the language in the agreement is clear and unmistakable evidence that the authority to decide issues regarding the scope, enforceability, and applicability of the arbitration agreement are delegated to the arbitrator. *See In re StockX*, 19 F.4th at 878–879; *see also Blanton,* 962 F.3d at 844–846. Accordingly, the arbitrator must decide whether FCA can enforce plaintiffs' claims pursuant to their arbitration agreements.

Further, the sales contract signed by Plaintiff Spence Voss sets forth mediation as a condition precedent to arbitration and incorporates the rules of the American Arbitration Association. (ECF No. 14, PageID.413.) The Sixth Circuit has held that the incorporation of AAA rules in an arbitration agreement, as in plaintiff Spence Voss's sales contract, delegates all questions regarding arbitrability to the arbitrator. *See Ciccio v. SmileDirectClub, LLC*, 2 F.4th 577, 583 (6th Cir. 2021); *see also Blanton,* 962 F.3d at 844–846*; McGee v. Armstrong*, 941 F.3d 859, 866 (6th Cir. 2019). As such, the Court concludes that the arbitrator must decide whether FCA can enforce plaintiff Spence Voss' arbitration

7

agreement, and consequently, whether he must first mediate his claims against FCA prior to arbitration.

Plaintiffs further argue that FCA cannot enforce their arbitration agreements because the delegation clauses do not pertain to plaintiffs' claims against FCA. (ECF No. 18, PageID.686.) But this is just another form of the non-signatory argument that the Sixth Circuit has repeatedly rejected. *Swiger v. Rosette*, 989 F.3d 501, 507 (6th Cir. 2021).

Contrary to plaintiffs' position, the Sixth Circuit has held that challenges to non-signatory enforcement are to the contract as a whole and cannot be challenges to the delegation clause alone. *Becker v. Delek US Energy, Inc.*, 39 F.4th 351, 356 (6th Cir. 2022); *Swiger*, 989 F.3d at 507; *Blanton*, 962 F.3d at 848.

Here, plaintiffs do not contend that the delegation clauses are invalid. (ECF No. 18, PageID.691) ("Plaintiffs make no such challenges to the validity of the delegation provisions or agreements as a whole.") Rather, plaintiffs' claim is that FCA cannot enforce the delegation provision of the arbitration agreement, which is an argument that goes to the enforceability of the entire arbitration agreement. *See In re StockX,* 19 F.4th at 878–879 (finding that in circumstances where a non-signatory

8

seeks to compel arbitration, the argument "concerned an issue of enforceability under the delegation provision in the contract," and thus delegated arbitrability to an arbitrator) (internal quotation marks omitted). Accordingly, the issue of whether FCA can enforce the plaintiffs' arbitration agreement is an issue for the arbitrator to decide. *In re Chevrolet Bolt EV Battery Litig.*, 633 F. Supp. 3d 921, 952 (E.D. Mich. 2022); *Becker*, 39 F.4th at 356; *Swiger*, 989 F.3d at 507–508.[3]

Finally, the FAA requires a court to stay the case pending arbitration rather than dismiss the case. *Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 942 (6th Cir. 2021) (citing 9 U.S.C. § 3). The Sixth Circuit has reserved the question of whether a district court can ever dismiss a suit based on an arbitration agreement. *Id.* at 942–43. It indicated that some circumstances might allow for dismissal, such as when both parties request dismissal or when all of the issues are arbitrable. *Id.*

FCA has moved to dismiss the plaintiffs' case. The Court finds that the limited circumstances that might allow for dismissal do not apply

---

[3] Since the Court finds that the issue of whether FCA can enforce the arbitration agreement will be decided by the arbitrator, the Court refrains from considering FCA's other arguments that invoke the arbitration agreement's plain language, FCA's rights as a third-party beneficiary, and theories under equitable estoppel.

9

here. It is unclear whether the arbitrator will decide the threshold issue of arbitrability in favor of the plaintiffs or FCA. Accordingly, the Court **DENIES** FCA's motion to dismiss the plaintiffs' claims.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the Court **GRANTS** FCA's motion to compel and **DENIES** FCA's motion to dismiss plaintiffs' claims. (ECF No. 14.)

**IT IS FURTHER ORDERED** that the case is **STAYED** pending arbitration of the following 13 plaintiffs' claims: Andrew Berzanskis, Margaret Wilensky, Michael Christie, Christopher Dorn, Chad Fong, Ruth Hoffman, James Kappes, Alicia Kappes, Michael Keeth, Alexander Shusta, John Spruance, Andrew Ventura, and Spence Voss.

**IT IS FURTHER ORDERED** that the arbitrator must determine whether FCA can enforce plaintiff Spence Voss' arbitration agreement, and thus, whether Voss must first mediate his claims.

**SO ORDERED.**

Date: September 27, 2024          **s/Jonathan J.C. Grey**
                                  Jonathan J.C. Grey
                                  United States District Judge

10

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 27, 2024.

**s/ S. Osorio**
Sandra Osorio
Case Manager